IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00936-WDM-CBS

STATE OF COLORADO and
COLORADO DEPARTMENT OF HUMAN SERVICES,

      Plaintiffs,

v.

UNITED STATES OF AMERICA, and
UNITED STATES DEPARTMENT OF AGRICULTURE,
STATE FOOD STAMP APPEALS BOARD,

      Defendants.

---

## RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO LIMIT THE SCOPE OF REVIEW TO THE ADMINISTRATIVE RECORD

---

Magistrate Judge Craig B. Shaffer

      THIS MATTER comes before the court on Defendants' Motion for Protective Order (doc. # 26) seeking to limit the district court's scope of review to the administrative record before the United States Department of Agriculture's State Food Stamp Appeal Board ("SFSAB"or "Board"). Defendants contend that because the State of Colorado "is not challenging whether a violation occurred, but rather is challenging the Board's decision to uphold the sanctions imposed on Colorado by the Food and Nutrition Service ("FNS") . . . the standard of review in this case is whether defendants acted arbitrarily and capriciously." *See* Defendants' Memorandum in Support, at 2. Under an arbitrary and capricious standard, the district court's review would be confined to the administrative record upon which the SFSAB based its decision. Not surprisingly, the State of Colorado takes a different view, arguing that *de novo* review is required

because "Colorado does <u>not</u> admit the violations on which the sanctions are based, and specifically denies that it over-issued food stamp benefits totaling $10, 864,345." *See* Plaintiffs; Memorandum in Opposition, at 2. Moreover, Colorado argues that "the agency proceedings below were very informal and did not provide most of the usual tools for ascertaining the facts in a contested case," which in turn prevented the State Food Stamp Appeal Board from addressing in detail any of Colorado's challenges to the Food and Nutrition Service's methodology for calculating overpayments.

While the parties' briefs focus on the applicable standard of review to be applied by the district court, Defendants' Motion for Protective Order necessarily implicates the availability and scope of discovery and this court's pretrial management responsibilities. By an Order dated January 2, 20078, the instant motion was referred to this Magistrate Judge. The court has reviewed the parties' briefs and attached exhibits, the entire court file, and the applicable case law, and is sufficiently advised in the premises. For the following reasons, this court recommends that Defendants' motion be granted in part and denied in part.

As a threshold matter, this court must consider the scope of its authority pursuant to 28 U.S.C. § 636(b)(1), which provides that a magistrate judge may be designated to hear and determine any pretrial matter pending before the court, with the exception of certain enumerated dispositive motions. While Defendants' Motion for Protective Order does not purport to seek dispositive relief, the formal label of a motion is not determinative for purposes of § 636(b)(1)(A). The Tenth Circuit has held that "motions not designated on their face as one of those excepted in [§ 636(b)(1)(A)] are nevertheless to be treated as such when they have an identical effect." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000), citing

*Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1462 (10th Cir. 1988). Here, Defendants'

Motion for Protective Order implicates the standard of review that would govern a decision on

the merits of Plaintiffs' claims and, therefore, the final outcome of the case. *Cf. First Union*

*Mortgage Corp.,* 229 F.3d at 996 (noting that "[t]he Constitution requires that Article III judges

exercise final decisionmaking authority"). Accordingly, I have treated the instant motion as

dispositive in its effect and provide the following findings and recommendation.

"The Food Stamp Act establishes a federally funded, state-administered program that

provides nutritional assistance to eligible households." *Bliek v. Palmer*, 102 F.3d 1472, 1474 (8th

Cir. 1997). Under the food stamp program, the Secretary of Agriculture "has delegated to state

agencies the responsibility for administering the program, and thus the state agencies make the

individual eligibility determinations and actually distribute the food stamps to the eligible

households." *Id.*

Plaintiffs' amended Complaint for Judicial Review of Agency Actions (doc. # 5), filed on

May 14, 2007, challenges two separate decisions announced by the State Food Stamp Appeal

Board on April 5, 2007. In Administrative Review No. 01-2006, the Food and Nutrition Service

asserted a claim for $479,680 based upon Colorado's alleged failure to implement the fiscal year

2005 Cost of Living Adjustment (COLA) on October 1, 2004, as required by the Food Stamp Act

of 1977. Before the SFSAB, Colorado apparently argued that it had

> acted reasonably to provide the most accurate COLA possible to households
> during the conversion to a new computer system . . . [and] further argued that
> households received interim COLAs based on estimates that were very close to the
> FNS COLA guidelines and procedures. . . . Colorado concluded that under these
> and other circumstances, no sanction is appropriate.

*See* Exhibit E attached to Plaintiffs' Memorandum in Opposition. The SFSAB subsequently

found that "using any standards other than those stipulated by the [Food Stamp] Act, the Secretary, or the regulations constitutes noncompliance with the law," but reduced the sanction to $359,760. *Id.* In its amended Complaint, Colorado insists that it acted reasonably to implement the most accurate COLA possible under the circumstances and challenges the amount of the sanction imposed by the SFSAB as "arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, and in excess of statutory jurisdiction and authority." *See* Complaint (doc # 5), at ¶ 8.

Plaintiffs' second claim relates to Administrative Review No. 02-2006, which stems from the Food and Nutrition Service's claim for $11,162,598 reflecting financial losses allegedly resulting from the Colorado Department of Human Services' improper issuance of food stamp benefits. In a timely appeal, Colorado challenged the reliability of the FNS's methodology for calculating overpayments, arguing that the Food and Nutrition Service "made some serious mistakes and counted things as overissuances that were not overissuances; indeed, were not issuances at all." *See* February 13, 2007 Hearing before the State Food Stamp Appeals Board, at p. 13, attached as Exhibit B to Plaintiffs' Memorandum in Opposition. On April 5, 2007, the SFSAB reduced the sanction to $10,864,345 to reflect duplicate payments in the amount of $298,253. *See* Exhibit C attached to Plaintiffs' Memorandum in Opposition. The amended Complaint contends that the SFSAB's

> calculation of the alleged overpayment amount is seriously flawed because it counts as improper issuances transactions there were not improper or were not even issuances. The sanction amount includes issuances for which Colorado has already been sanctioned. The total amount of the allegedly improper payments is not credible, and the decision to impose this sanction was arbitrary and capricious.

*See* Complaint (doc. # 5), at ¶ 12.

While the Food Stamp Act imposes a strict liability regime for financial losses attributed to

a state's over-payment of benefits, *cf. Traficanti v. United States*, 227 F.3d 170, 175 (4th Cir.

2000), a state agency may challenge a final administrative determination by filing a complaint in

the United States district court. *See* 7 U.S.C. § 2023(13). "The suit in the United States district

court . . . shall be a trial de novo in which the court shall determine the validity of the questioned

administrative action in issue." *See* 7 U.S.C. § 2023(15). This provision has been held to

establish a bifurcated standard of review.

> Under the enforcement scheme envisioned by Congress . . . the agency determines
> when violations have occurred and chooses a sanction which appropriately fulfills
> the policies of the Food Stamp Act. . . . Upon filing of a suit by the [violator], the
> district conducts a trial de novo on the finding of a violation at which the parties
> may introduce new evidence regarding the violations. If the court finds a lesser
> violation or no violation, the statute directs the court to "enter such judgment or
> order as it determines is in accordance with law and evidence." Thus the court may
> itself choose a new sanction based on all the evidence, or remand for the agency to
> select a new penalty. If the court upholds the agency's finding of violation, the
> court's only remaining task is to examine the sanction imposed in light of the
> administrative record to judge whether the agency properly applied its regulations,
> *i.e.,* whether the sanction is "unwarranted in law . . . or without justification in fact
> . . . ."

*Broad Street Food Market, Inc. v. United States*, 720 F.2d 217, 220 (1st Cir. 1983) (internal

citations omitted). *Cf. Wong v. United States*, 859 F.2d 129, 132 (9th Cir. 1988) ("[w]hereas the

FNS finding that a [state agency] violated the Food Stamp Act is reviewed de novo, review of the

sanction imposed by the FNS is governed by the arbitrary and capricious standard"); *Ali v. United

States*, 904 F. Supp. 915, 919 (E.D. Wis. 1995) ("the phrase 'trial de novo' has been interpreted

to mean that the district court reviews the factual findings of the agency de novo, but it reviews

the severity of the penalty under the arbitrary and capricious standard"). *See also Goldstein v.

United States*, 9 F.3d 521, 523 (6th Cir. 1993) (once the district court has confirmed a statutory

or regulatory violation, "the court's only task is to examine the sanction imposed in light of the administrative record in order to judge whether the agency properly applied the regulations, *i.e.,* whether the sanction is 'unwarranted in law' or ' without justification in fact'"); *Wolf v. United States*, 662 F.2d 676, 678 (10th Cir. 1981) (holding that judicial review of sanctions imposed under the Food Stamp Act is governed by an arbitrary and capricious standard).

With respect to Plaintiffs' second claim, the United States argues that liability is not at issue because the State of Colorado has acknowledged the overpayment of food stamp benefits in fiscal year 2005. During the February 13, 2007 hearing before the State Food Stamp Appeals Board in Administrative Review No. 02-2006, counsel for the State of Colorado, conceded that "I am not here to tell you that no overissuances occurred in the State of Colorado in federal fiscal year '05; they did . . . . ." *See* February 13, 2007 Hearing before the State Food Stamp Appeals Board, at p. 12, attached as Exhibit B to Plaintiffs' Memorandum in Opposition. That same concession was reiterated in testimony by Colorado's Food Stamp Program Director. *Id.* at 37. Citing the First Circuit's analysis in *Broad Street Food Market, Inc. v. United States,* Defendants argue that the district court in this case must confine its review to the sanctions imposed by the SFSAB in light of the administrative record. *See* Defendants' Memorandum in Support, at 8. I respectfully disagree.

While the United States relies on the *Broad Street Food Market* opinion, it conspicuously overlooks that portion of the First Circuit's decision that seems most on point. The First Circuit recognized that at the conclusion of a trial de novo on the issue of liability, the district court could find "a lesser violation." That observation seems significant given the strict liability regime imposed by the Food Stamp Act. The statute clearly contemplates a close correlation between

6

liability and sanctions, since the amount of the overrissuance of benefits would presumably

establish the resultant penalty.

This "conflating of liability and remediation" was recognized in *Commonwealth of*

*Massachusetts v. Secretary of Agriculture*, 984 F.2d 514, 520-21 (1st Cir. 1993), *cert. denied,*

510 U.S. 822 (1993).

> Where liability is at issue, section 2023(a) requires that courts review
> administrative determinations *de novo*. If this statutory bedrock is to endure,
> inexorably mixed issues of liability and sanctions must likewise be assessed *de
> novo*, even if such a penetrating standard of judicial review intrudes to some extent
> into agency decisionmaking in the sanctions area.

I am not persuaded by Defendants' attempt to distinguish this case from the facts in

*Commonwealth of Massachusetts.* I find that with respect to claim two which Colorado's

overrissuance of food stamp benefits in fiscal year 2005, the issues of liability and sanctions are

inexorably intertwined. As to that claim, I recommend that the district court conduct de novo

proceedings.

In contrast, I recommend that the district court apply an arbitrary and capricious standard

of review to the first claim relating to Colorado's use of an improper interim COLA. Plaintiffs do

not appear to be disputing that violation, but rather contend that the resulting sanction was

arbitrary , capricious and an abuse of discretion. I do not find that the issues of liability and

sanctions as to that claim are so intertwined as to require a de novo proceeding.

To the extent that some discovery is permitted in this case, I remain mindful of the First

Circuit's admonition that de novo review "does not mean that the district court must devise an

entirely new regulatory scheme. Rather, in respect to liability issues, the court must ensure that

the agency has followed its own regulations and that those regulations do not exceed the scope of

the agency's mandate. *Commonwealth of Massachusetts v. Secretary of Agriculture*, 984 F.2d at 521. This court will bear that observation in mind in supervising the discovery and pretrial process in this case.

Accordingly, for the foregoing reasons, I recommend that Defendants' Motion for Protective Order (doc. # 26) be granted as to Plaintiffs' first claim and denied as to the second claim.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may

bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 19th day of March, 2008.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge