IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-cv-00936-WDM-CBS

STATE OF COLORADO and
COLORADO DEPARTMENT OF HUMAN SERVICES,

    Plaintiffs,

v.

UNITED STATES OF AMERICA and
UNITED STATES DEPARTMENT OF AGRICULTURE, STATE FOOD STAMP
APPEALS BOARD,

    Defendants.

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**

Miller, J.

This case is before me on the recommendation of Magistrate Judge Craig B. Shaffer (Docket No. 34) that Defendants' Motion for Protective Order to Limit the Scope of Review (Docket No. 26) be granted in part and denied in part. Neither party filed an objection to the recommendation and, therefore, *de novo* review is not necessary. 28 U.S.C. § 636(b). In fact, the parties filed a Joint Stipulation to be Bound by Magistrate Judge Shaffer's Report and Recommendation (Docket No. 35). After a review of the pertinent portions of the record, I conclude that the recommendation should be accepted.

This case relates to the State of Colorado and the Colorado Department of Human Services's ("Colorado") administration of the federal food stamp program. In

2006, the United States Food and Nutrition Services ("FNS") sanctioned Colorado $479,680 for failing to implement the federally mandated cost of living adjustment ("COLA") for fiscal year 2005. Colorado timely appealed to the State Food Stamp Appeals Board (the "Board") and the sanction was reduced to $359,760. Also in 2006, FNS established a liability against Colorado for $11,162,598 for improper issuance of food stamp benefits. This amount allegedly reflects the actual amount of overpayments made by Colorado to benefit recipients rather than a penalty for such improper issuances. Colorado again timely appealed and the Board reduced the amount to $10,864,345.

Exercising its right under 7 U.S.C. § 2023(a)(15)[1] and 7 C.F.R. 276.7(j)[2] Colorado filed this action for judicial review on May 7, 2007 alleging that (1) the Board's decision

---

[1] 7 U.S.C. § 2023(a)(13) provides that a state may "obtain judicial review" of any the Board's determination "by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business." With respect to that complaint for judicial review, 7 U.S.C. § 2023(a)(15) provides:

> The suit in the United States district court or State court shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue, except that judicial review of determinations regarding claims made pursuant to section 16(c) [7 USCS § 2025(c)] shall be a review on the administrative record.

[2] 7 C.F.R. 276.7(j) provides:
Judicial review. State agencies aggrieved by the final determination may obtain judicial review and trial de novo by filing a complaint against the United States within 30 days after the date of delivery of the final determination, requesting the court to set aside the final determination. The final determination shall remain in effect during the period the judicial review or any appeal therefrom is pending unless the court temporarily stays such administrative action after a showing that irreparable injury will occur absent a stay and that the State agency is likely to prevail on the merits of the case.

upholding the FSA's sanction in the amount of $359,760 and (2) the Board's decision finding that Colorado had improperly issued $10,864,345 in benefits were "arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, and in excess of statutory jurisdiction and authority." Specifically, Colorado argues that it "acted reasonably to implement the most accurate COLA under the circumstances" and that "[t]he calculation of the alleged overpayment amount is seriously flawed because it counts as improper issuances transactions that were not improper and were not even issuances."

During a November 29, 2007 status conference, Magistrate Judge Shaffer ordered the parties to submit briefs addressing whether this action was limited to review of the administrative record. The parties each submitted a brief with the defendants arguing that review is limited to the administrative record because Colorado is challenging only the amount of the sanctions and not whether there was a violation (Docket No. 26) and the plaintiffs arguing that a trial *de novo* is most appropriate in this case (Docket No. 31). Magistrate Judge Shaffer filed his recommendation on March 19, 2008 (Docket No. 34) recommending that Defendants' Motion for Protective Order to Limit the Scope of Review (Docket No. 26) be granted with respect to Colorado's claim regarding application of COLA but denied with respect to the improper issuance claim. The parties have jointly stipulated that they do not oppose this recommendation by Magistrate Judge Shaffer (Docket No. 35).

I have reviewed the authorities relied on by Magistrate Judge Shaffer and discern no error. In particular, I conclude that a bifurcated review standard is appropriate: review of whether a violation has occurred is *de novo* while review of the amount of

3

sanctions is under an arbitrary and capricious standard. *See Wong v. United States*, 859 F.2d 129, 132 (9th Cir. 1988) ("Whereas the FNS finding that a firm violated the Food Stamp Act is reviewed de novo, review of the sanction imposed by the FNS is governed by the arbitrary and capricious standard."); *Broad St. Food Mkt. V. United States*, 720 F.2d 717, 720 (1st Cir. 1983); *Wolf v. United States*, 662 F.2d 676, (10th Cir. 1981). The First Circuit has described the standard as:

> Upon a filing of a suit by the retailer, the district court conducts a trial de novo on the finding of a violation at which the parties may introduce new evidence regarding the violations. If the court finds a lesser violation or no violation, the statute directs the court to enter such judgment or order as it determines is in accordance with the law and the evidence. Thus the court may itself choose a new sanction based on all the evidence, or remand for the agency to select a new penalty. If the court upholds the agency's finding of a violation, the court's only remaining task is to examine the sanction imposed in light of the administrative record to judge whether the agency properly applied its regulations, *i.e.*, whether the sanction is warranted in law . . . or without justification in fact.

*Broad St. Food Mkt.*, 720 F.2d at 220 (internal quotations and citations omitted). Thus, *Broad St. Food Mkt.*, contemplates a situation where a court's review includes *de novo* review of liability *and* the sanction imposed. The First Circuit expanded on the idea that a court who finds a lesser violation may choose a new sanction in *Massachusetts v. Sec'y of Agric.*, 984 F.2d 514, 520–21 (1st Cir. 1993), concluding that "inexorably mixed issues of liability and sanctions must . . . be assessed *de novo*, even if such a penetrating standard of judicial review intrudes to some extent into agency decisionmaking in the sanctions area."

In this case, Magistrate Judge Shaffer determined that Colorado's claim regarding implementation of COLA was merely a claim for review of the sanction imposed and must be reviewed under the arbitrary and capricious standard. Therefore,

4

review of Colorado's COLA sanction is limited to the administrative record.  I agree. Colorado does not argue that it correctly implemented the federal COLA standards, only that FSA's determination of sanctions was arbitrary and capricious under the circumstances.

With respect to Colorado's claim regarding improper issuances of benefits, Magistrate Judge Shaffer determined that the issues of liability and sanctions were inexorably intertwined requiring *de novo* review under *Massachusetts* and *Broad St. Food Mkt.*  I agree.  Although Colorado is contesting the amount of the sanction FSA imposed against it, the determination of that amount involves a determination of whether and to what extent Colorado actually improperly issued benefits.  Therefore, I conclude that Magistrate Judge Shaffer's recommendation should be accepted.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Shaffer (Docket No. 34) is accepted.
2. Defendants' Motion for Protective Order to Limit the Scope of Review (Docket No. 26) is granted with respect to Colorado's claim regarding sanctions for COLA implementation (Claim One), but denied with respect to Colorado's claim regarding improper issuances of benefits (Claim Two).

DATED at Denver, Colorado, on July 2, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge