IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00936-WDM-CBS

STATE OF COLORADO and COLORADO DEPARTMENT OF HUMAN SERVICES,

    Plaintiffs,

v.

UNITED STATES OF AMERICA and UNITED STATES DEPARTMENT OF AGRICULTURE, STATE FOOD STAMP APPEALS BOARD,

    Defendants.

---

**PRIVACY PROTECTIVE ORDER**

---

    1.    Subject to the requirements of this Order, Defendants United States of America and United States Department of Agriculture, State Food Stamp Appeals Board, are authorized pursuant to 5 U.S.C. § 552a(b)(11) to release for the purposes of this litigation government records, documents and other information, including computerized or electronic information, that are relevant to the claims or defenses of any party to this action within the meaning of Rule 26(b), Fed. R. Civ. P., and are protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, without obtaining the prior written consent of the individuals to whom such records or information pertain.

    2.    Those documents that Defendants identify as containing information subject to Paragraph 1 above are hereinafter referred to as "Covered Documents." All information derived from Covered Documents, even if incorporated in another document or compilation or referred to in testimony, is hereinafter referred to as "Covered Information." Document summaries, statistical compilations, or other summaries of Covered Documents or Covered Information that

do not contain information by which specific individuals can be identified (whether by name, social security number, symbol, description or other form of personal identification) are not covered by this Protective Order.

3. Covered Documents and Covered Information may be used only for the purposes of this action. All Covered Documents and all copies thereof, except one copy of all files maintained in each counsel's litigation files, must be returned to defendants or defendants' counsel, or destroyed by plaintiffs' counsel within 60 days after final judgment in this action. The term "final judgment" as used herein shall mean the entry of a judgment or dismissal that is final and not appealable. Any pleadings or other court filings created or filed by plaintiffs or their counsel that contain Covered Information and are retained by plaintiffs, or by his counsel as part of their litigation files, remain subject to the terms of this Protective Order. Any other documents created by plaintiffs or his counsel, or anyone working with them or on their behalf, that contain Covered Information must be destroyed by plaintiffs's counsel or returned within 60 days after final judgment in this action. Plaintiffs's counsel will certify to defendants's counsel in writing within 60 days after final judgment in this action that such documents have been returned or destroyed.

4. Covered Documents shall be marked by defendants prior to production as "PRODUCED SUBJECT TO PROTECTIVE ORDER," "SUBJECT TO PROTECTIVE ORDER," or contain a similar marking. For any Covered Documents, such as computer data, whose medium makes such stamping impracticable, the diskette case and any accompanying paper or e-mail cover letter shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER," "SUBJECT TO PROTECTIVE ORDER," or contain a similar marking. Any portion of answers to interrogatories by defendants, if any, that contain protected information derived

from records subject to the Privacy Act also shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER," "SUBJECT TO PROTECTIVE ORDER," or contain a similar marking. Except as provided in paragraph 5 below, no person who obtains access to Covered Documents or Covered Information shall disclose those records or that information without further order of the Court.

5. Plaintiffs' counsel may only disclose Covered Documents and Covered Information to (a) the Court and its personnel, including court reporters; (b) the attorneys of record for the parties and persons regularly in the employ of such attorneys who have a need for Covered Documents or Covered Information in the performance of their duties in connection with this action; (c) the plaintiffs; (d) employees of defendants; (e) experts or other consultants retained by any party to the above-captioned matter and only if necessary for their expert opinion and/or testimony in this action; (f) any potential witness or witness at deposition, but only to the extent necessary to provide a foundation for or elicit discoverable testimony or other evidence; and (g) outside contractors hired to copy, image, sort, or otherwise manage the storage or retrieval of case materials in this action. Any disclosure by plaintiffs or his counsel and anyone working with them or on their behalf shall be made only for litigation purposes related to this action.

6. Any deposition testimony that involves the discussion of Covered Information or Documents shall be subject to this Order. The sections of each deposition transcript involving such testimony shall be marked "SUBJECT TO PROTECTIVE ORDER."

7. Any person listed in paragraph 5 (except the Court and its personnel, including court reporters, defendants's employees, and the parties' counsel) to whom disclosure of Covered Documents or Covered Information is to be made must sign the Acknowledgment of Privacy Act Protective Order attached hereto before disclosure.

8. The plaintiffs and his counsel shall not disclose Covered Documents or Covered Information to any persons except those enumerated in paragraph 5 without obtaining the prior express written approval of counsel for defendants. If counsel for defendants does not consent to disclosure, then plaintiffs may, on motion, seek modification of this Order by the Court.

9. All individuals to whom Covered Documents and Covered Information are disclosed by plaintiffs or his counsel shall return any and all records and copies thereof in their custody, possession, or control to plaintiffs' counsel and/or destroy the same upon final judgment in this action, or when they are no longer participating in, or assigned or retained to work on, this case, whichever comes earlier.

10. Those portions of any filings with the Court that include Covered Documents or Covered Information shall be filed under seal. Those portions of any depositions in which any such information is revealed shall be placed under seal.

11. The designation, or failure to designate, any materials as Covered Documents or Covered Information shall not constitute a waiver of any party's assertion that the materials are covered by this Order.

12. Each party reserves the right to seek to modify the terms of this Order at any time, and each party reserves the right to oppose any motion to modify the terms of this Order.

13. This Order does not constitute a ruling on the question of whether any particular record or information is properly discoverable or admissible and does not constitute a ruling on

any potential objection to the discoverability of any record or information, other than objections that the information may not be disclosed under the Privacy Act.

14. Nothing in this Order shall be construed as limiting the right of either party to introduce Covered Documents or Covered Information into evidence at trial, subject to the Rules of Evidence and such privacy protections as the presiding Judge may deem appropriate.

DATED: 7/22/08                          BY THE COURT:

                                        *s/Craig B. Shaffer*
                                        Craig B. Shaffer
                                        United States Magistrate Judge